196 Ill. App.3d 107 (1990)
553 N.E.2d 85
In re G.W.S. et al., Minors (The People of the State of Illinois, Petitioner-Appellee,
v.
Sandra Simmons, Respondent-Appellant).  In re J.O.S., a Minor (The People of the State of Illinois, Petitioner-Appellee,
v.
Sandra Simmons, Respondent-Appellant).
Nos. 4-89-0630, 4-89-0631 cons.
Illinois Appellate Court  Fourth District.
Opinion filed March 30, 1990.
*108 Mark S. Morthland, Assistant Public Defender, of Decatur, for appellant.
Lawrence R. Fichter, State's Attorney, of Decatur (Kenneth R. Boyle, Robert J. Biderman, and David E. Mannchen, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.
David L. Massey, of Decatur, guardian ad litem.
Order affirmed.
JUSTICE LUND delivered the opinion of the court:
The respondent brings an appeal from the termination of her parental rights in regard to her two surviving children, G.W.S. and J.O.S. Respondent argues the trial court improperly (1) refused to dismiss the State's petition for failure to set forth with the required particularity the charges on which it proceeded; (2) failed to establish by clear and convincing evidence that the respondent was unfit; and (3) failed to enter appropriate findings to support its order. Finding no merit in any of the respondent's arguments, we affirm the decision and order of the circuit court.
The State filed two separate petitions in the circuit court regarding the respondent's three children. Macon County case No. 87-J-429 (case No. 4-89-0630) was filed concerning G.W.S., born September 6, 1985, and D.M.S., a girl born June 1, 1987; and Macon County case No. 88-J-454 (case No. 4-89-0631) was filed concerning J.O.S., who was born on September 1, 1988, after the original petition was filed. For the purposes of the proceedings terminating parental rights, the circuit court handled the cases as a single matter. We have consolidated these cases on appeal, and our discussion below and decision apply to both cases.
*109 For the purposes of this opinion we find it unnecessary to recount in any detail the evidence concerning the mistreatment which the respondent meted out to her children. It suffices to note that in November 1987 the respondent's children were found to be neglected and abused and were placed in the guardianship of the Department of Children and Family Services (DCFS).
After a year of working with DCFS, the children were returned to the respondent. Shortly thereafter, D.M.S. died as a result of being abused by the respondent. On March 22, 1989, the respondent entered a guilty plea to a manslaughter charge in connection with the death of her daughter. The court accepted the respondent's plea and sentenced her to four years in the Department of Corrections. On April 21, 1989, supplemental petitions seeking findings of unfitness and termination of parental rights were filed as to G.W.S. and J.O.S. On June 13, 1989, the court granted summary judgment for the State. On July 28, 1989, the court entered its finding of unfitness and terminated the parental rights of the respondent. A notice of appeal was filed on August 9, 1989.
 1 The respondent first contends the trial court erred in refusing to dismiss the State's petition for failing to properly apprise the respondent of the charges against her and for granting summary judgment. The essential test of the sufficiency of the petition is whether it reasonably informs the respondent of a valid claim under a general class of cases of which the court has jurisdiction. (In re Harpman (1986), 146 Ill. App.3d 504, 496 N.E.2d 1242.) The requirement of pleading with specificity does not mandate there be more than a setting forth of the specific statutory grounds of unfitness. In re Dragoo (1981), 96 Ill. App.3d 1104, 422 N.E.2d 263.
 2 Both of the supplemental petitions contained multiple counts. However, both petitions alleged the respondent had been found guilty of the death of a child resulting from child abuse. Such a conviction, in and of itself, is sufficient under the statute to support a finding of unfitness. (See Ill. Rev. Stat. 1987, ch. 40, par. 1501(D)(f).) While the remaining counts in the petitions were vague, the respondent here was found unfit on the basis of her conviction alone. The petitions were sufficient to apprise of the charge against her in this regard.
 3 Respondent also maintains the court could not enter summary judgment against her. The trial court relied on In re Ray (1980), 88 Ill. App.3d 1010, 411 N.E.2d 88, in granting judgment. There the appellate court held that when a finding of unfitness was sought based on the murder conviction of the mother, summary judgment was appropriate. The respondent attempts to distinguish that case by suggesting *110 the conviction here for manslaughter differentiates it. Section 1(D)(f) of the Adoption Act requires only that there be "a criminal conviction resulting from the death of any child by physical child abuse." Ill. Rev. Stat. 1987, ch. 40, par. 1501(D)(f).
 4 The respondent does not question her conviction or deny responsibility for her child's death. Her contention is that by simply introducing the certified copy of her conviction, the State failed to show the death was the result of physical child abuse. However, the certified copy submitted to the court included all the counts of the information, including the count of involuntary manslaughter, to which the respondent pleaded guilty. This count recited that respondent picked up her child and violently shook her, causing her death. The respondent's guilty plea necessarily incorporated the facts set out in the information and we find this is a sufficient basis for the trial court to have made a finding of physical child abuse. While we agree with respondent that termination of parental rights is a weighty matter and should not be undertaken lightly, this does not alter the statutory framework to increase the burden placed on the State.
 5 The respondent also complains the court did not enter appropriate findings to support its decision. The respondent did not object to the final order nor were any post-trial motions filed. Though normally respondent's objections would be waived, we choose to address the merits. As discussed above, all that was required in this case to support the court's decision was the conviction showing the respondent's acts of abuse resulted in the death of her child. In the orders finding the respondent unfit and terminating her parental rights, the court specifically finds that respondent is unfit because of her conviction. In the absence of any compelling argument by the respondent, we find no error here which requires us to reverse the trial court.
The judgments of the circuit court are affirmed.
Affirmed.
SPITZ and McCULLOUGH, JJ., concur.