In re S.M., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. Rebecca Hoffman, Respondent-Appellant).

Fourth District    No. 4—91—0270

Opinion filed January 16, 1992.—Rehearing denied February 13, 1992.

Lynne R. Feldman, of Pavia & Marsh, of Urbana, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Kenneth R. Boyle, Robert J. Biderman, and Timothy J. Londrigan, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STEIGMANN delivered the opinion of the court:

In July 1987, at a juvenile court dispositional hearing, the trial court adjudicated respondent minor, S.M. (born July 13, 1976), a ward of the court. The court based this adjudication upon its earlier finding that S.M. and his siblings were abused minors because their environment was injurious to their welfare when they resided with their respondent mother, Rebecca Hoffman. (See Ill. Rev. Stat. 1985, ch. 37, par. 702—4(2)(b).) The trial court also found that Hoffman was unable, for reasons other than financial circumstances alone, to care for, protect, train, or discipline S.M. and his siblings, and that reasonable and appropriate services had been unavailing in removing the circumstances that led to the court's finding. See Ill. Rev. Stat. 1985, ch. 37, par. 705—7(1).

The trial court entered a written dispositional order, which concluded as follows: "This court retains jurisdiction of this cause for the entry of such orders as may be necessary from time to time in the best interests of the respondent minors and justice." The court also set the case for the initial review of its dispositional order in late October 1987 (see Ill. Rev. Stat. 1985, ch. 37, par. 705—8(1)) and outlined in detail the steps Hoffman and S.M.'s father would have to take in order to regain custody of S.M. and his siblings. The court then appointed the Illinois Department of Children and Family Services (DCFS) as S.M.'s guardian, with the power to place S.M. After the July 1987 dispositional hearing, DCFS placed S.M. in a new home.

Beginning in October 1987, the trial court conducted periodic reviews of its July 1987 dispositional order so as to determine what, if any, modifications thereof would be appropriate. At these review hearings, the court considered the behavior of the respondent parents since the previous review hearing and the effect, if any, of that behavior upon the best interests of the children. As a result of one such review hearing, conducted in July 1990, the trial court determined that custody of S.M. could be returned to Hoffman and so ordered.

In October 1990, the State filed a petition for change of custody, seeking to have the custody of S.M. removed from Hoffman, with authority to be given to DCFS to determine once again with whom S.M. should be placed. On the day the State filed that petition, the court conducted a shelter-care hearing, pursuant to a request therefor contained in the State's petition, and ordered S.M. temporarily removed from Hoffman's custody.

In November 1990, the court conducted a hearing on the State's petition for change of custody and granted it, finding again that Hoffman was unable for reasons other than financial circumstances alone

to care for, protect, train, and discipline S.M. The court again indicated that DCFS, S.M.'s guardian, should place S.M. out of his mother's home.

Hoffman appeals that order, arguing that (1) the State's October 1990 petition to change custody failed to state a sufficient cause of action, (2) the State failed to give Hoffman proper notice of the hearing on that petition, and (3) the State failed to show the presence of an immediate necessity for temporary custody, which formed the basis of the trial court's order pursuant to the petition.

We affirm.

On appeal, Hoffman first argues that the State's October 1990 petition for change of custody did not allege facts to put Hoffman on notice of the charges against which she had to defend. In support of this argument, Hoffman cites two decisions of this court, *In re G.W.S.* (1990), 196 Ill. App. 3d 107, 553 N.E.2d 85, and *In re Harpman* (1986), 146 Ill. App. 3d 504, 496 N.E.2d 1242. However, both of those cases are distinguishable because they involved the sufficiency of pleadings alleging either that the court should terminate parental rights (*G.W.S.*, 196 Ill. App. 3d at 108-09, 553 N.E.2d at 86-87), or that the trial court should find a minor abused (*Harpman*, 146 Ill. App. 3d at 507, 496 N.E.2d at 1243).

In the present case, the court has already adjudicated the minor in question, S.M., an abused minor and made him a ward of the court. The only issue raised by the State's October 1990 petition to change custody was whether the trial court should again modify the dispositional order initially entered in July 1987 and periodically reviewed thereafter. We hold that the pleading requirements that apply to initial petitions for adjudication, seeking either a finding of abuse or a termination of parental rights, do not apply to petitions to modify dispositional orders, which is what the State's October 1990 petition should properly have been entitled.

Regarding Hoffman's claim that "[d]ue process requires that the [October 1990] petition *** set forth with particularity specific grounds," we hold that Hoffman received all the process she was due when that petition informed her that "it is in the best interest of the public and [S.M.] that custody of [S.M.] be removed from [Hoffman] and placed with [DCFS]." That allegation notified Hoffman of the focus of the hearing. Due process requires nothing more when the State seeks nothing more than a modification of a dispositional order.

We note that the State's October 1990 petition is somewhat difficult to understand procedurally. Because the State requested that S.M. be placed in shelter care, that petition sounded like a petition for

finding of abuse, to be preceded by a shelter-care hearing conducted under section 2—10 of the Juvenile Court Act of 1987 (Act) (Ill. Rev. Stat. 1989, ch. 37, par. 802—10). The State should have entitled its October 1990 petition as a petition to modify the dispositional order, and it should have made no reference to seeking shelter care. However, the sloppiness of the State's petition did not deprive Hoffman of notice because the substance of the petition made clear the State's intent to seek to modify the dispositional order.

■■ Section 2—28 of the Act governs court proceedings to review dispositional orders. (Ill. Rev. Stat. 1989, ch. 37, par. 802—28.) Section 2—28(3) reads as follows:

"The minor or any person interested in the minor may apply to the court for a change in custody of the minor and the appointment of a new custodian or guardian of the person or for the restoration of the minor to the custody of his parents or former guardian or custodian." (Ill. Rev. Stat. 1989, ch. 37, par. 802—28(3).)

Petitions brought pursuant to that section, such as the petition in the present case, do not implicate the same procedural requirements applicable to petitions filed for relief under the Act prior to adjudicatory hearings, which are conducted under section 2—21. (Ill. Rev. Stat. 1989, ch. 37, par. 802—21.) Hearings conducted under section 2—28(3) of the Act are simply further dispositional hearings, conducted in accordance with section 2—22(1) of the Act, which governs how dispositional hearings are to be held. (See Ill. Rev. Stat. 1989, ch. 37, pars. 802—28(3), 802—22(1).) The rules of evidence that apply to dispositional hearings conducted under section 2—22(1) also apply to hearings conducted on petitions filed seeking relief under section 2—28(3).

■■ Also, just as the court at the dispositional hearing conducted under section 2—22(1) of the Act "shall determine the proper disposition best serving the interests of the minor and the public," so should a court, hearing a petition brought under section 2—28(3), "determine the proper disposition best serving the interests of the minor and the public." The court's determination is the same in each instance, with the matter of the "proper disposition best serving the interests of the minor and the public" being left to the sound discretion of the trial court. On appeal, the trial court's exercise of that discretion will not be reversed unless it is against the manifest weight of the evidence. *In re J.K.F.* (1988), 174 Ill. App. 3d 732, 734, 529 N.E.2d 92, 93-94.

■■ Hoffman next argues that the State's October 1990 petition for change of custody failed to comply with the 10-day notice requirement of section 2—28(2) of the Act. (Ill. Rev. Stat. 1989, ch. 37, par.

802—28(2).) That section requires, in part, that every agency having guardianship of a child file a supplemental petition for court review every 18 months, stating facts relative to the child's condition. That section further requires that the petition be set for hearing and that the clerk shall give 10 days' notice of the hearing by certified mail to various interested parties, including the respondent parents. Clearly, the routine reviews of the guardian's stewardship of the court's wards mandated by section 2—28(2) differ from proceedings brought under section 2—28(3) as a result of a petition by "any person interested in the minor" seeking a change in the minor's dispositional order. We hold that the 10-day notice provision of section 2—28(2) of the Act does not apply to proceedings conducted under section 2—28(3) of the Act. Ill. Rev. Stat. 1989, ch. 37, pars. 802—28(2), (3).

■ Hoffman last argues that the trial court erred by temporarily changing S.M.'s custody on the date the State filed its October 1990 petition for a change of custody because the State presented no evidence showing "any immediate necessity" for the court to enter that order. However, the court did not need to make such a finding in order to temporarily modify a dispositional order pursuant to a petition brought under section 2—28(3) of the Act. (See Ill. Rev. Stat. 1989, ch. 37, par. 802—28(3).) A finding that "it is a matter of immediate and urgent necessity for the protection of the minor" that the trial court place him in a shelter-care facility is only required at shelter-care hearings conducted under section 2—10 of the Act (Ill. Rev. Stat. 1989, ch. 37, par. 802—10), i.e., those occurring prior to any formal finding or adjudication of abuse or wardship. The trial court probably made the finding that it did—that it was a matter of immediate and urgent necessity that a temporary custodian be appointed for S.M.—because the State erroneously requested that action in its October 1990 petition. However, this court will not reverse the trial court's order on the basis that the State provided insufficient evidence to support a finding that the trial court did not have to make.

The issue before the trial court in November 1990, when it conducted the formal hearing on the State's October 1990 petition for a change of custody, was whether the best interests of the minor and the public required the court to modify its previously entered dispositional order. The trial court found the evidence sufficient and so ordered. The evidence presented at that hearing clearly demonstrated that Hoffman, while living in Tennessee, had essentially abandoned S.M. to the care and custody of her 18-year-old daughter, then living in Urbana, Illinois. Based upon this evidence, the trial court properly exercised its discretion (see *J.K.F.*, 174 Ill. App. at 734, 529 N.E.2d

at 93-94) in modifying its previous dispositional order by removing S.M. from Hoffman's custody and placing him with a custodian to be determined by his guardian, DCFS.

For the reasons stated, the judgment of the circuit court is affirmed.

Affirmed.

GREEN, P.J., and McCULLOUGH, J., concur.